PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD ELIASON, *et al.*, | ) CASE NO. 1:10CV02093 |
| Plaintiffs, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| GENTEK BUILDING PRODUCTS, INC., *et al.*, | ) |
| | ) **MEMORANDUM OF ORDER AND** |
| Defendants. | ) **OPINION** (Resolving ECF No. 26) |

Defendants Gentek Building Products, Inc. and Associated Materials LLC's (collectively "Defendants") move to dismiss the amended class action complaint and strike the class allegations, pursuant to Fed. R. Civ. Pro. 12(b)(6) and 23(b)(3). ECF No. 26.

Because the Court has not yet adjudicated class certification, Defendants motion is premature. Accordingly, the Court denies Defendants motion to dismiss the amended class action complaint and strike the class allegations.

### I. Background

Named Plaintiffs, homeowners and residents of North Dakota, Wisconsin, and Idaho, purchased exterior siding manufactured, marketed, and distributed by Defendants. ECF No. 16 at 6, 15-25. The exterior siding is sold with a "Lifetime Warranty" that warrants against manufacturing defects resulting in cracking, chipping, flaking, peeling, or splitting of the paint, among other things. ECF No. 16 at 6. The warranty provides the following:

> Gentek warrants against the siding containing manufacturing defects which result in cracking, chipping, flaking, peeling or splitting. as well as manufacturing defects which cause perforation or deterioration of the steel substrate due to rust.

(1:10CV02093)

> If your siding shows manufacturing defects within the first three years from the date of installation of the siding, [Gentek/Alside, Inc] at its option, will either repair, refinish or replace the defective siding at no cost to the property owner.
>
> After the first three years from date of installation, Gentek will assume the cost of material and labor for any warranted work upon Gentek's receipt of $100 payment by the property owner for each incident under this warranty.

ECF Nos. 16-2; 16-3. Plaintiffs allege that Defendants' steel and aluminum siding has substantial defects that cause the paint to peel. ECF No. 16 at 8. Each Named Plaintiff, along with thousands of others, have experienced delaminated paint and, as a result, filed a warranty claim with Defendants to remedy the defect. ECF No. 16 at 8, 15-25. According to the amended complaint, Defendants offered to repaint the affected area or pay the owner a "small amount of compensation." ECF No. 16 at 11. Plaintiffs allege that neither option satisfies Defendants' liability under the warranty. ECF No. 16 at 11.

Plaintiffs filed a putative class action alleging the following causes of action:

1. Violation of Ohio's Consumer Sales Practice Act
2. Breach of Express Warranty
3. Breach of Implied Warranty of Merchantability
4. Unjust Enrichment
5. Fraudulent Concealment
6. Injunctive Relief

ECF No. 16 at 25-33.

Defendants have moved to dismiss and strike these class allegations. ECF No. 26. Defendants challenge class certification by arguing that the amended complaint does not meet the requisite threshold requirements applicable to all class actions under Fed. R. Civ. P. 23. ECF No. 26 at 20-26. Defendant also argues that Plaintiffs' allegations fail to suggest actionable conduct under Fed. R. Civ. P. 12(b)(6). ECF No. 26 at 26-43.

2

(1:10CV02093)

## II. Discussion and Law

### A. Striking Class Allegations

Rule 23(a) sets forth the following threshold requirements applicable to all class actions: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

In addition to satisfying Rule 23(a)'s requirements, a party seeking class certification must show that the class is maintainable under Rule 23(b)(1), (2), or (3). *Id.* at 614. Defendants argue that the action cannot be maintained under Rule 23(b)(3). To qualify for certification under Rule 23(b)(3), a class must meet the following two requirements:

> Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.' In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'

*Id.* at 615 (internal citations omitted).

Defendants move to strike the class allegations asserting that the absence of grounds for class certification are plain from the amended complaint. ECF No. 26 at 20-26. Defendants claim that Plaintiffs' allegations do not present common questions of fact that predominate over questions affecting individual members. ECF No. 26 at 20-26. Defendants assert that class

3

(1:10CV02093)

certification would impermissibly require the Court to engage in a detailed and individualized analysis for each cause of action to determine whether: (1) putative class members' express warranties are valid and enforceable to establish breach of express warranty (ECF No. 26 at 21); (2) putative class members are in direct privity with Defendants to establish breach of implied warranty of merchantabilty (ECF No. 26 at 22); (3) putative class members relied upon the allegedly concealed or non-disclosed material fact necessary to establish fraudulent concealment (ECF No. 26 at 23); (4) Defendants accepted payment from putative class members for services not performed to establish a violation of Ohio Consumer Sales Practice Act (ECF No. 26 at 23-24); and, (5) Defendants were unjustly enriched by putative class members' purchases (ECF No. 26 at 24).

Defendants argue that class certification would require the Court to analyze multiple state laws to adjudicate the Named Plaintiffs' and putative class members' claims. Defendants assert that the Court should strike the class allegation on the ground that common issues do not predominate where claims require an application of different states' laws. ECF No. 26 at 24-25.

While raising possibly valid concerns, Defendants' arguments on class certification are premature. Whether the commonality requirement has been demonstrated cannot be determined until discovery has taken place and choice of law provisions applied. The docket reflects that, at the request of the parties, discovery has been stayed until the Court rules on the present motion.[1] *See* 11/18/2010 Order. The Court must conduct a "'rigorous analysis' into whether the

---

[1] As counsel is well aware, the undersigned was not the judicial officer assigned at the time the discovery was stayed and the pending motions filed.

(1:10CV02093)

prerequisites of Rule 23 are met before certifying a class." *In re American Medical Systems, Inc.* 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). The Court will not determine class certification at this early stage. "A motion to strike class allegations is not a substitute for class determination and should not be used in the same way." *Frktor v. Lifestyle Lift*, Case No. 1:09-CV-511, 2009 WL 1565954, at *2 (N.D. Ohio June 3, 2009). The Court will adjudicate Defendants' arguments at the class certification stage.

**B. Dismissal of Amended Complaint**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To determine whether a claim should proceed, the Supreme Court has set forth a legal "plausibility standard" to assess whether the facts convincingly suggest actionable conduct, rather than merely describing conduct that actually occurred. *Twombly*, 550 U.S. at 556 n.3; *see* RAKESH N. KILARU, *The New Rule 12(b)(6): Twombly, Iqbal, and the Paradox of Pleading*, 62 Stan. L. Rev. 905, 910-11 (2010). Applying this standard, district court judges should weigh the facts and determine, when necessary, whether they are sufficient to "nudge [the] claims across the line from conceivable to plausible" based on their "judicial experience and common sense." *Twombly*, 550 at 570; *Iqbal*, 129 S. Ct. at 1950. A suit may proceed as long as plaintiff's

(1:10CV02093)

complaint crosses that threshold. *Twombly*, 550 at 570. Notably, a court's skepticism about whether the alleged conduct had actually occurred does not justify dismissal of a complaint. Alternatively, the *Twombly* Court instructed lower courts to ask whether the facts alleged in the complaint actually constitute actionable conduct. *Twombly*, 550 U.S. 564-70.

According to the legal standard and the District Court Judge's "judicial experience and common sense," plausible claims for relief have been shown in Plaintiffs' first amended complaint. ECF No. 16. Plaintiffs have nudged each alleged cause of action across the line from conceivable to plausible by asserting facts that substantiate each claim and suggest actionable conduct. ECF No. 16. Plaintiffs, therefore, have met the enhanced Rule 8(a) pleading burden.[2]

### III. Conclusion

For the reasons stated above, Defendants' motion to dismiss the amended class action complaint and strike the class allegations is denied. ECF No. 26. The Court will set a telephonic status conference in September to determine an appropriate discovery cut-off date.

IT IS SO ORDERED.

| August 23, 2011 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Although not at issue, the Court notes that Plaintiffs have also met the Rule 9(b) pleading burden, which requires particularity when pleading "fraud or mistake." *See U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (explaining that pleaders are obligated to place fraud defendants on notice of the "precise misconduct" with which they are accused).

(1:10CV02093)

7