PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DONALD ELIASON, TODD MOOS, VALDIE MAGSTADT, RUTH HANSON, GERALD HERNING, DOUGLAS and KAREN LAMM, ROBERT PATRICK, PATRICK FLECK, GARY and DONNA MCINTYRE, RHEA CLARK, DUSTIN JOHNSON, RICHARD WROUGHTON, VIRGINIA STROH, *and* KEVIN *and* CHARLENE OLSON, *Individually, and on behalf of all others similarly situated*, | CASE NO. 1:10cv2093  JUDGE BENITA Y. PEARSON |
| Plaintiffs, | |
| v. | |
| GENTEK BUILDING PRODUCTS, INC., and ASSOCIATED MATERIALS, LLC., | |
| Defendant. | **MEMORANDUM OF OPINION AND ORDER** [Regarding ECF No. 144] |

## FINAL ORDER AND JUDGMENT
## APPROVING CLASS ACTION SETTLEMENT

AND NOW, this 1st day of August, 2013, upon consideration whether the proposed

settlement of the above-referenced litigation (the "Litigation") should be finally approved, the

parties having presented to the Court the Settlement Agreement and Release of Claims between

Plaintiffs Donald Eliason, Todd Moos, Valdie Magstadt, Ruth Hanson, Gerald Herning,

Jacqueline Herning, Douglas and Karen Lamm, Robert Patrick, Patrick Fleck, Gary and Donna

McIntyre, Rhea Clark, Dustin Johnson, Richard Wroughton, Virginia Stroh, and Kevin and

(1:10cv2093)

Charlene Olson (collectively, "Plaintiffs"), and Defendants Gentek Building Products, Inc. and Associated Materials, LLC (together "Gentek"), dated February 13, 2013, ("Settlement Agreement"); and the Court having considered (1) whether the proposed Settlement was fairly and honestly negotiated; (2) whether material issues of law and fact exist, making uncertain the ultimate outcome of the Litigation; (3) whether the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive Litigation; and (4) the judgment of the parties to the Settlement and their respective counsel that the Settlement is fair and reasonable.

The Court, after carefully considering all papers filed and proceedings held herein, including all arguments and evidence presented at the Fairness Hearing held on August 1, 2013, and otherwise being fully advised in the premises, finds that the Settlement should be approved, and that there is no just reason for delay of the entry of this Final Order and Judgment approving the Settlement.

Accordingly, the Court directs entry of this Final Order and Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement. Good cause appearing therefore, it is:

ORDERED, ADJUDGED AND DECREED that:

1. **Jurisdiction of the Court**. The Court has personal jurisdiction over all Settlement Class Members because adequate notice has been provided to them and because they have been provided the opportunity to exclude themselves from the Litigation. The Court has subject matter jurisdiction over this Litigation, including, without limitation, jurisdiction to approve the Settlement Agreement and to dismiss the Litigation on the merits and with prejudice.

(1:10cv2093)

       2.      **Incorporation of Documents**. This Final Order and Judgment incorporates herein and makes a part hereof (1) the Settlement Agreement (a copy of which, without exhibits, is appended hereto as Exhibit 1); (2) the Class Notice (a copy of which is appended hereto as Exhibit 2); and, (3) the CAFA service list (appended hereto as Exhibit 3). The definitions of terms set forth in the Settlement Agreement are incorporated hereby as though fully set forth in this Judgment.

       3.      **Final Certification of the Class for Settlement Purposes**.  A class for settlement purposes is hereby finally certified consisting of all persons, organizations, municipalities, corporations and entities that own property, whether commercial or residential, on which Gentek Steel Siding was applied during the period January 1, 1991 through March 15, 2013, that are covered by a Gentek Steel Siding warranty and which siding experienced Steel Peel.  Excluded from the Settlement Class are Defendants, Defendants' employees, Defendants' subsidiaries, the Judge to whom this case is assigned and the immediate family of the Judge to whom this case is assigned, those who repaired the Steel Siding on their own, those who previously accepted a cash remedy from Gentek in lieu of a repair or replacement (though only with respect to the particular face for which the cash remedy was previously accepted), and those who previously sued Gentek claiming that their Siding experienced Steel Peel and that lawsuit was resolved through a settlement or decision by a court or arbitrator.

       4.      There have been 28 Class Members who have timely and validly excluded themselves from the Settlement Class. Thus, other than those 28 Class Members, the remaining Class Members are bound by this Final Order and Judgment and the terms of the Settlement

3

(1:10cv2093)

Agreement.

  5.  **Class Findings**.  For purposes of the Settlement of the Litigation only (without an adjudication on the merits or a determination that class certification is otherwise appropriate), the requirements of due process and the Federal Rules of Civil Procedure and the Rules of the Court have been met in that:

  (a)  The members of the Settlement Class are so numerous that it is impracticable to bring all members of the Settlement Class before the Court.

  (b)  There is a well-defined community of interest among members of the Settlement Class and certain questions of law or fact that are common to the Settlement Class, are substantially similar, and predominate over any individual questions of fact and law.  The Plaintiffs allege, *inter alia*, that steel siding manufactured by Gentek is defective and that Gentek has failed to honor the express Limited Lifetime Warranty issued at the point of sale and the implied warranty of merchantability. Thus, common questions include:  (i) whether there was a defect in the siding; (ii) whether Defendants were aware of the defect in the siding; and (iii) whether Defendants failed to honor the express Limited Lifetime Warranty issued to Class Members.  These common questions are central to each Settlement Class Member's claim and predominate over questions affecting only individual members of the Settlement Class.

  (c)  The claims of the Class Representatives, Virginia Stroh and Robert Patrick, are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Class, in that: (i) the interests of the Class Representatives and the nature of their alleged claims are consistent with those of the Settlement Class; (ii) there

(1:10cv2093)

are no conflicts between or among the Class Representatives and Settlement Class Members; (iii) the Class Representatives have been and are capable of continuing to be an active participant in both the prosecution of, and the settlement negotiations of, the Litigation; and (iv) the Class Representatives and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Consolidated Master Class Action Complaint.

    (d)    Resolution of the Litigation in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the Litigation. In making these findings, the Court has considered, among other factors: (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

    6.    **CAFA Notice**. The Court finds that service of the Settlement Agreement together with the materials specified in 28 U.S.C. § 1715(b), upon the entities and individuals listed in Exhibit 3 hereto on February 25, 2013, constituted sufficient and adequate notice to the appropriate federal and state officials as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

    7.    **Satisfaction of Due Process**. The Court finds that the mailing of the Class Notice to known Class Members and the publishing of the Class Notice as provided for by, and undertaken pursuant to, the Preliminary Approval Order (i) constituted the best practicable notice

5

(1:10cv2093)

to members of the Settlement Class under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation and of the terms of the Settlement Agreement and their rights thereunder, including their rights to object to those terms or to exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Rules of the Court.

8. **Adequate Representation**. Settlement Class Counsel and the Class Representatives have adequately represented the Settlement Class throughout this Litigation. Therefore, the Court finds that Charles J. LaDuca of Cuneo Gilbert & LaDuca, LLP; Gary Mason of Whitfield Bryson & Mason LLP; Barbara Quinn Smith of Maddox Hargett & Caruso; John A. Peca of Climaco, Wilcox, Peca, Tarantino, & Garofoli Co., LPA; Charles E. Schaffer of Levin Fishbein Sedran & Berman; Craig Boeckel of Boeckel Law Office; Robert K. Shelquist of Lockridge Grindal Nauen, PLLP; Michael McShane of Audet & Partners, LLP; Shawn M. Raiter of Larson King LLP; Shanon J. Carson of Berger & Montague, P.C.; Michael D. Plachy of Rothgerber Johnson & Lyons LLP; Eric D. Holland of Holland, Groves, Schneller & Stolze; Richard J. Arsenault of Neblett, Beard & Arsenault; and Jordan Chaikin of Parker Waichman, LLP shall be appointed as Settlement Class Counsel and Virginia Stroh and Robert Patrick shall be appointed Settlement Class Representatives.

9. **Final Approval**. The terms and provisions of the Settlement Agreement have

6

(1:10cv2093)

been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of Defendants and Settlement Class Members and in full compliance with all applicable requirements of law, including constitutional due process. Defendants and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

        10.     **Claims Released**.  The Release set forth in Paragraph 45 of the Settlement Agreement is expressly incorporated in this Final Order and Judgment in all respects (and also is set forth in its entirety, below) and is effective as of the date of this Final Order and Judgment, such that defendants are forever discharged from the claims or liabilities that are the subject of the Release.  The Released Parties shall be completely released from any and all claims, debts, liabilities, obligations, guarantees, costs, expenses, attorneys' fees, damages, rights or equitable, legal or administrative relief, of any basis or source, whether known or unknown, that were, have been, or could have been, now, in the past, or in the future, asserted or alleged in this action or that relate to any aspect of the subject matter of this action  whether such claims are contingent or absolute, mature or not yet mature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have or might have been alleged in or embraced or otherwise referred to or encompassed by the Class Action, or which relate to the subject matter of the Class Action, regardless of upon what legal theory based, whether legal or equitable, including without limitation, claims for negligence, gross

7

(1:10cv2093)

negligence, fraud, breach of warranty, violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations.

    11.    **Binding Effect**.  The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the Class Representatives, Settlement Class Members, and Defendants, as well as the Released Parties and their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings that assert claims that are encompassed within the Released Claims set forth in Paragraph 45 of the Settlement Agreement.

    12.    **No Admissions**.  Neither this Final Order and Judgment nor the Settlement Agreement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as any evidence, admission or concession by or against the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by any of the Released Parties and shall not be offered or received in evidence in any action or proceeding against any of them in any court, administrative agency or other tribunal for any purpose whatsoever other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided however, that this Final Order and

(1:10cv2093)

Judgment and the Settlement Agreement may be filed in any action against or by any of the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, covenant not to sue, accord and satisfaction, judgment bar or reduction, full faith and credit, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  13. **Enforcement of Settlement Agreement**. Nothing in this Final Order and Judgment shall preclude any action to enforce its terms or the terms of the Settlement Agreement, including, without limitation, the releases and permanent injunction.

  14. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Order and Judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of this Settlement and any distribution to Class Members pursuant to further orders of this Court; (b) determining an application for attorneys' fees, costs, expenses, and interest; (c) Defendants until the final judgment contemplated herein has become effective and each and every act agreed to be performed by the Settling Parties all have been performed pursuant to the Settlement Agreement; and (d) all parties, including the Settlement Class Members, for the purpose of enforcing and administering the Settlement Agreement and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement.

  15. **Dismissal with Prejudice**. This Litigation, including all claims and counterclaims asserted in it and/or resolved herein, is hereby dismissed on the merits and with prejudice against the Class Representatives and all other Settlement Class Members (with respect

(1:10cv2093)

to the claims they have asserted) and Defendants (with respect to claims made against it, and/or any counterclaims it may have asserted as a Defendant), without fees or costs to any party except as otherwise provided in this Final Order and Judgment or any separate order concerning attorneys' fees and expenses.

    16.    **Objections Denied**: 4 objections to the Settlement Agreement have been filed.[1] The Court has considered and denied all filed objections.

    17.    The Settlement Class Members retain any and all claims and causes of action against any and all other persons or entities who are not Released Parties, but such reservation creates no basis for a claim of indemnification or contribution, however denominated, by the non-Released Party against the Released Party, as Settlement Class Members have released all claims on which liability could be found against the Released Party, and this provision is solely intended to preserve a Settlement Class Member's ability to seek relief against the non - Released Party. This Release shall apply to all related subrogation claims of the Settlement Class Members' subrogees or insurance carriers.

    18.    No Settlement Class Member shall recover, directly or indirectly, any sums for claims released by operation of this Settlement Agreement, including but not limited to Settled Claims, from any Released Party, other than sums received under this Settlement Agreement, and the Released Party shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of this Settlement Agreement.

---

[1] Six (6) objections were filed on the docket, and one (1) was sent to Plaintiffs' counsel and later submitted as ECF No. 144-2, resulting in a total of seven(7) objections. Of these, 3 were withdrawn.

(1:10cv2093)

19. All Settlement Class Members who have not timely requested exclusion from the Settlement Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Release. In addition, all persons are hereby enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely requested exclusion from the Settlement Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Release. The Court finds that issuance of this injunction is necessary and appropriate in aid of the Court's jurisdiction over this Litigation. The Court finds no bond is necessary for issuance of this injunction.

20. **Payment of Reasonable Fees and Reimbursement of Costs and Expenses**: Within 10 days of the Effective Date of the Settlement, Gentek shall pay Class Counsel's fair and reasonable fees and reimbursement of costs and expenses as awarded by the Court and in accordance with the Settlement Agreement. The award of such fees and costs and expenses shall be made pursuant to a separate Order.

21. **Award Payment to Named Plaintiffs**: Incentive awards pursuant to Paragraph 35 of the Settlement Agreement are awarded to the following named Plaintiffs: Donald Eliason,

(1:10cv2093)

Todd Moos, Valdie Magstadt, Ruth Hanson, Gerald Herning, Jacqueline Herning, Douglas and Karen Lamm, Robert Patrick, Patrick Fleck, Gary and Donna McIntyre, Rhea Clark, Dustin Johnson, Richard Wroughton, Virginia Stroh, and Kevin and Charlene Olson. The total collective amount of the incentive payments will be $70,000.  Defendants' responsibility for the incentive payments shall not exceed a total of $25,000 and Defendants shall have no involvement in or responsibility for the determination of how the funds will be distributed to individual class representatives.  Defendants shall pay the incentive award within ten days of the Effective Date of the settlement.

22. In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by any appellate court, then the Court's certification of the Settlement Class shall be automatically vacated and this Order for Final Judgment shall be rendered null and void, and in such event, all orders entered and releases delivered in connection therewith shall be null and void.

The instant case and the member cases 1:11-cv-02232, 1:11-cv-02719; and 1:12-cv-01109 are terminated.

IT IS SO ORDERED.

 August 1, 2013                          /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge

12